UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:14-cr-00208-MOC-DSC |
| | ) | |
| | ) | **GOVERNMENT'S MOTION FOR** |
| v. | ) | **PEREMPTORY TRIAL SETTING** |
| | ) | |
| PAUL BURKS | ) | |
| _____ | ) | |

**NOW COMES** the United States of America, by and through Jill Westmoreland Rose, Acting United States Attorney for the Western District of North Carolina, and respectfully moves this Court for a peremptory setting of **November 2015**.

The background of the case is set out in detail in Defendant's Unopposed Motion to Continue dated March 13, 2015 (Doc. 26) and the Joint Motion to Continue and for Status Conference dated May 7, 2015 (Doc. 28). In further support of the requested November 2015 trial date, the Government sets out the following:

1. A November 2015 trial date is approximately one year after Defendant's arraignment in this matter. A trial date one year subsequent to arraignment has been utilized in other complicated, document-intensive cases in this district, such as *United States v. Michael Rand,* 3:10-cr-182-RJC (arraignment on August 27, 2010 and first trial on October 11, 2011) or Operation Waxhouse, *United States v. Amini, et al.*, 3-12-cr-239 (arraignments began on October 25, 2012, and first trial began on October 15, 2013).

2. While the volume of discovery is large, much of it consists of data that any business necessarily accumulates while in operation. The amount of data is so large that every

1

page cannot possibly be reviewed. Therefore, it will be necessary to conduct searches of computerized data to prepare for trial.

3. Defense Counsel is abundantly familiar with the case. Defense Counsel has worked for Defendant Paul Burks and ZeekRewards since before a federal criminal investigation even began. Records indicate that the Defendant had retained Tin Fulton by at least January 2012.

4. Defense Counsel was familiar enough with the evidence in the case to negotiate a settlement between Defendant Burks and the Securities Exchange Commission in August 2012 in 3:12cv519 and between Defendant Burks and the Receiver in 3:14cv89.

5. Although the discovery is voluminous, it is not incredibly complicated, certainly not more complex than numerous other white collar prosecutions in this district. Most of the discovery consists of data housed on computer systems that were maintained by the Defendant's businesses. This data includes detailed information about the more than eight hundred thousand victim-investors. The details of this data are largely immaterial to the conduct set forth in the indictment.

6. The conduct at issue took place almost wholly between January 2010 and August 2012. Tin Fulton represented the Defendant for at least eight months prior to the Government's seizure of the largest portion of the discovery, the computer servers maintained by the businesses.

7. This case involves an incredible number of victims for whom a Special Master has been appointed by the Court. These victims have a right to a speedy trial. Under the Crime

Victims' Rights Act, victims have the right to "proceedings free from unreasonable delay." *See* 18 U.S.C. § 3771(a)(2), (3), and (7).

8.  A speedy trial is also important to preserve the memories of witnesses. Defendant Burks – who is not detained - is incentivized to delay the trial for as long as possible.

For the foregoing reasons, among others, the United States respectively moves this Court for a peremptory trial date in November 2015.

Defendant agrees that a peremptory setting is necessary; however, Defendant seeks a trial date subsequent to November 2015.

Respectfully submitted this the 15th day of May, 2015 by:

          JILL WESTMORELAND ROSE
          ACTING UNITED STATES ATTORNEY

          s/Jenny G. Sugar
          JENNY G. SUGAR
          ASSISTANT UNITED STATES ATTORNEY
          Member New York Bar
          Attorney for the United States
          227 West Trade Street, Suite 1650
          Charlotte, NC 28202
          (704) 344-6222 (office)
          (704) 227-0197 (facsimile)
          Email: jenny.sugar@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 15th day of May, 2015, this document was served upon Defendant electronically through counsel.

                                JILL WESTMORELAND ROSE
                                ACTING UNITED STATES ATTORNEY

                                s/Jenny G. Sugar
                                JENNY G. SUGAR
                                E-mail: jenny.sugar@usdoj.gov