UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00208-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Vs. | ) ORDER: Fourth Continuance<br>) |
| **PAUL BURKS**, | )<br>) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Motion to Continue and request for peremptory setting. For the reasons that follow, those requests will be allowed

In addition to the reasons given for continuance under the Speedy Trial Act, the court has conducted a separate inquiry with defendant concerning his Sixth Amendment right to a speedy trial, informing him that the extension he seeks exceeds a year and that, if he so requested, the court would be able to try this case sooner. After such inquiry, the court is satisfied that the defendant understands his Sixth Amendment right to a speedy trial and has knowing sought an extension exceeding a year so that he can better prepare for trial or another resolution of this matter. Further, the court determines that such request: (1) is informed as he has been advised by excellent counsel; and (2) is a reasoned decision based on the volume of discovery, the seriousness of the charges, and the time needed to digest such material and consider legal options. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

1

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Continue (#28) is **GRANTED,** this matter is continued to the **May 2016 term for trial**, and the court finds the delay caused by such continuance shall be excluded in accordance with 18 U.S.C. § 3161(h)(7)(B)(iv), as failure to grant such a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Further, the ends of justice served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial. Specifically, defendant and counsel have shown a need for additional time due to the complexity of the case, the scope and complexity of the alleged fraud, the number of alleged victims, the amount of the alleged loss (exceeding $700 million dollars), and the volume of discovery (which includes 7.9 million discovery documents). Defendants have also shown a substantial need to review materials filed in numerous civil actions filed by the receiver and conduct legal research. For those specific reasons, this matter is continued to the May 2016 term, and the time is excluded under the Speedy Trial Act. Further, the court has also considered defendant's waiver of his Sixth Amendment right to a speedy trial and determines based on representation made directly in open court that he has made a knowing and voluntary waiver of that specific constitutional right.

The parties are advised that absent some unforeseen contingency, this action will be the first matter on for trial during the May 2016 term and will be tried to completion during

that term, which may be extended. The parties should be prepared to pick a jury on the second day of that term.

Signed: May 28, 2015

Max O. Cogburn Jr
United States District Judge