UNITED STATES OF AMERICA

vs.

PAUL BURKS

### PAUL BURKS' MOTION FOR ORDER DIRECTING THE PROSECUTION TO IDENTIFY AND PRODUCE RULE 16 AND BRADY MATERIAL FROM RECEIVERSHIP AND SEC FILES

Mr. Burks, through undersigned counsel, moves the Court to enter an order directing the prosecution to identify and produce any and all materials discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure as well as *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. In support of this motion, undersigned counsel show the following:

### I.     INTRODUCTION

As this Court has seen before in other cases, the subject matter of the Indictment here has generated parallel civil and criminal litigation. While this may be fairly common with certain types of cases, the involvement of multiple agencies and entities all focused on the same subject matter nonetheless compels special attention, especially when, as here, the involved agencies and entities regularly share information and work in tandem.

Because this dynamic exists here, by letter dated February 22, 2016, undersigned counsel asked the prosecution to review the files of the Receiver (Kenneth Bell) and the Securities and Exchange Commission ("SEC") that are related to Paul Burks and the subject matter of this Indictment, and disclose any information that falls within the ambit of Rule 16, *Brady*, *Giglio v.*

1

*United States*, 405 U.S. 150 (1972), *United States v. Agurs*, 427 U.S. 97 (1976), and *United States v. Bagley*, 473 U.S. 667 (1985). The stated basis for this request was "the particularly close working relationship and aligned investigation of [the U.S. Attorney's Office], the SEC, and the Receiver (who is also, of course, the assigned Special Master in the criminal case)."

In response, by letter dated February 29, the prosecution refused to undertake this review. The prosecution asserted that counsel's suggestion that its office has engaged in a "close working relationship and aligned investigation" with the Receiver and SEC was "not supported by the history of the investigation." Accordingly, the prosecution stated it had no obligation to review or disclose these materials and that to do so would be unduly burdensome.

## II. THE PROSECUTION, SEC, AND RECEIVER HAVE MAINTAINED A CLOSE WORKING RELATIONSHIP AND HAVE BEEN ALIGNED IN THEIR INVESTIGATION.

On August 17, 2012, upon the motion of the SEC, U.S. District Judge Graham C. Mullen appointed a receiver over Rex Venture Group, LLC d/b/a ZeekRewards.com. Since that time, the appointed Receiver, Kenneth D. Bell of McGuire Woods, has had full control of the affairs and possessions of Rex Ventures Group—the business formerly owned and operated by Mr. Burks—and its subsidiaries.[1] The Receiver has been a party to over 20 civil actions involving various individuals and entities with some involvement in the company and ZeekRewards, including, but not limited to, persons deemed "insiders," "net losers," "net winners," advisors, and vendors. As the dockets in those cases make clear, the Receiver has spent years investigating the operations of the company and the conduct of its "insiders" and those who participated as "affiliates." The Receiver has also expended tremendous time and energy undertaking forensic reconstructions and analyses of the company's operations and finances.

---

[1] As the Special Master appointed by this Court in this matter, Mr. Bell is also a party to this litigation.

At the same time, discovery provided thus far makes clear that the prosecution has, at a minimum, been allowed significant access to information compiled and generated by the Receiver, as well as the SEC. For example, on July 2, 2012, the U.S. Attorney's Office requested, and was granted, access to the SEC's investigative file. The U.S. Attorney's Office has received upon request all manner of information from the SEC in aid of its investigation here, including, but not limited to, investigative and work product material. The U.S. Attorney's Office has also taken part in at least one civil deposition conducted by the SEC.

The same is true of the receivership files. In October 2012, the Receiver waived the corporate attorney-client privilege of Rex Venture Group d/b/a ZeekRewards in order to facilitate the provision of information to the prosecution. From that point forward, the prosecution has, at various junctures, requested information from the Receiver and the Receiver has, in turn, responded to the prosecution's requests. Upon information and belief, the Receiver has largely provided this information on an informal and voluntary basis. The SEC and U.S. Secret Service are both copied on a number of these communications.

The Receiver has provided the prosecution with, *inter alia*, receivership materials (*i.e.*, bank records, emails, and other communications) as well as various spreadsheets, chronologies, and other analyses (some of which are clearly marked "Confidential Work Product. Do Not Reproduce"). While the full extent of cooperation between the prosecution, SEC and the Receiver is unknown to Mr. Burks, the discovery provided thus far makes clear that, at a minimum, significant resources have been shared; investigative efforts have overlapped and/or been coordinated; the prosecution knows of and has access to discoverable information held by the receiver and SEC; and the interests of all three parties are aligned.[2]

---

[2] These factors are the very same factors that the U.S. Attorney's Office says it must consider when considering what makes up the "Prosecution Team," for purposes of Rule 16 and *Brady* determinations. *See* Discovery Policy:

3

### III. THE U.S. ATTORNEY'S OFFICE HAS A DUTY TO PROVIDE RULE 16 AND *BRADY* MATERIAL TO WHICH THEY HAVE READY ACCESS.

As a result of the close working relationship it has maintained with the receiver and SEC, the prosecution's discovery obligations under Rule 16 and *Brady* extend to receivership and SEC files. While "[t]he prosecutor need not … produce documents from agencies that did not participate in the investigation of the defendant or documents of which it is unaware[,]" *United States v. Giffen*, 379 F. Supp. 2d 337, 343 (S.D.N.Y. 2004), "[d]ocuments that the Government has reviewed or has access to must be provided to aid a defendant in preparing his defense." *Id.* "A prosecutor is not allowed to avoid disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial." *Id.* at 342 (internal quotation marks and citation omitted). *See also United States v. Mahaffy*, 693 F.3d 113, 122 (2d Cir. 2012) (vacating convictions after prosecution failed to produce information generated by SEC during related civil investigation; noting that "prosecutions were products of close collaboration between the United States Attorney's Office and the SEC"); *United States v. Causey*, 356 F.Supp.2d 681, 691 (S.D. Tex. 2005) ("The government also acknowledges that the SEC has provided evidence from its own investigation for use in this case, and that, at the government's request, the SEC has opened its files to the defendants for discovery in this case. The court is therefore persuaded that the SEC has acted on the government's behalf in this case."); *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (noting that the U.S. Attorney's Office had "knowledge and access" to Bureau of Prisons' inmate files for discovery purposes; rejecting the requirement that an agency must have taken part in the particular investigation in order for the prosecutor to have knowledge of and

---

Western District of North Carolina (Oct. 2010), *available at*
https://www.justice.gov/sites/default/files/usao/pages/attachments/2015/04/01/ncw_discovery_policy.pdf.

4

access to material in possession of that agency); *United States v. Bryan*, 868 F.2d 1032, 1035-36 (9th Cir. 1989) (scope of Rule 16 obligation turns on "the extent to which prosecutor has knowledge of and access to the documents sought by the defendant in each case").

The receiver has taken the position that his obligations to Mr. Burks go no further than Rule 17 of the Federal Rules of Criminal Procedure. *See*, *e.g*., *United States v. Richardson*, 607 F.3d 357 (4th Cir. 2010) (party issuing subpoena *duces tecum* bears the burden of showing that the material he has subpoenaed meets the requirements of (1) relevancy, (2) admissibility, and (3) specificity). Mr. Burks has no means of satisfying this criteria absent Rule 16 and *Brady* disclosures and, as this Court is aware, only the prosecution—not the receiver—is obligated by those requirements. Thus, Mr. Burks' only means of obtaining Rule 16 and *Brady* material from SEC and receiver files is by order of this Court.

WHEREFORE, Mr. Burks moves that the Court enter an order directing the prosecution to identify and produce Rule 16 and *Brady* material from receivership and SEC files.

Respectfully submitted this the 15th day of March, 2016.

/s/ Noell P. Tin
Noell P. Tin
N.C. Bar No. 20603
ntin@tinfulton.com


/s/ C. Melissa Owen
C. Melissa Owen
N.C. Bar No. 28903
cmowen@tinfulton.com


/s/ Jacob H. Sussman
Jacob H. Sussman
N.C. Bar No. 31821
jsussman@tinfulton.com


TIN FULTON WALKER & OWEN PLLC
301 East Park Avenue
Charlotte, NC 28203
T: 704-338-1220
F: 704-338-1312

*Counsel for Paul Burks*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that s/he has served the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for defendants:

    Jenny Grus Sugar
    jenny.sugar@usdoj.gov

    Corey Ellis
    corey.ellis@usdoj.gov

This the 15th day of March, 2016.

                                    /s/ Jacob H. Sussman