UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00208-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **PAUL BURKS,** | ) | |
| | ) | |
| Defendant(s). | ) | |

       **THIS MATTER** is before the court on the defendant's "Motion for In Camera Review of Sealed Filings in Related Criminal Case" (#42) and the government's "Response to Defendant's Motion for Ex Parte Review of Co-Defendants' PSRs and First Motion in Limine Regarding Reliance Defense" (#45).

       First, there is some procedural housekeeping to accomplish. The government has included a Motion in Limine within its Response to defendant's motion. While not mentioned in the Local Criminal Rules, this practice is specifically forbidden by the Local Civil Rules as ECF has no way to track a motion that is included in a Response. The government is welcome to note in a response that it will or has filed a motion in limine that was inspired by defendant's motion; however, that motion needs to be filed as a motion separate and apart from its Response so that it can be tracked. In a complex case such as this (where the court expects dozens of in limine motions) this requirement is particularly apt. To the extent the government has attempted to file a motion within the body of its Response, it is stricken without prejudice.

       Second, in its Response, the government states that it agrees that the Final PSRs of related defendants Dawn and Dan Olivares should be reviewed *in camera* and that the court should "unseal

the limited portions of those documents that are either factual assertions made by the defendants or would provide impeachment material." Response (#45) at 1. While the court is willing to conduct such *in camera* review, its ability to determine what is discoverable under Rule 16 and <u>Brady</u> and its progeny is limited, somewhat, by its knowledge of what the government's evidence is, what defenses are likely to be asserted, and what witnesses will be called. Put another way, it is difficult to determine what may have impeachment value unless the court first knows what evidence such material could call into question. While it may be obvious after review just what that material is, a first step would be for the government to provide the court with a redlined version of both PSRs. The court notes that neither of those PSRs are sealed as to the government. It may also be helpful to have advance trial briefs to aid in that process.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's "Motion for In Camera Review of Sealed Filings in Related Criminal Case" (#42) is **GRANTED**, and the court will conduct such review after it has received redlined or similarly edited versions of the Olivares's PSR from the government indicating what portions the government believes should be unsealed, and which should not, under Rule 16 and <u>Brady</u> and its progeny. The parties should discuss whether early disclosure of trial briefs to the court would also aid in that process.

Signed: March 31, 2016



Max O. Cogburn Jr.
United States District Judge