IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-CR-208-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **MEMORANDUM AND ORDER** |
| v. ) | |
| ) | |
| PAUL BURKS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Paul Burks' Motion for a Bill of Particulars," Doc. 39, "Paul Burks' Motion for Order Directing the Prosecution to Identify and Produce Rule 16 and Brady Material from Receivership and SEC Files," Doc. 41, filed March 15, 2016 and the "Government's Consolidated Response in Opposition to Defense Motions (Doc. 39 and Doc. 41)," Doc. 44, filed March 25, 2016, and the parties' briefs and exhibits. Docs. 40, 48-49.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that the "Paul Burks' Motion for a Bill of Particulars," Doc. 39, and "Paul Burks' Motion for Order Directing the Prosecution to Identify and Produce Rule 16 and Brady Material from Receivership and SEC Files," Doc. 41, should be DENIED as discussed below.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a "court may direct the government to file a bill of particulars." Fed.R.Crim.P. 7(f). A bill of particulars is provided "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offenses." United States v.

Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973) (citing United States v. Dulin, 410 F.2d 363, 364 (4th Cir. 1969)). "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985) (citing United States v. Anderson, 481 F.2d 685 (4th Cir. 1973)). The purpose of a bill of particulars is "fully satisfied" when the Government turns over its entire file to the defendant. Schembari, 484 F.2d at 935; see also United States v. Duncan, 598 F.2d 839, 849 (4th Cir. 1979).

On October 24, 2014, the Grand Jury indicted Defendant on four charges related to his role in ZeekRewards. Defendant is charged with conspiracy to commit mail and wire fraud (18 U.S.C. §§ 1341, 1343 and 1349) and conspiracy to commit tax fraud (18 U.S.C. §371). The Indictment alleges the fraudulent scheme in great detail over six single-spaced pages, including introductory language, a section on relevant entities and individuals, and numerous pages devoted to the particulars of the scheme.

Since the Indictment was returned, the Government has provided expanded file discovery to the defense pursuant to an agreement signed by all parties on November 17, 2014. To date, more than 15.4 million documents have been produced by the Government. Doc. 48 at 2. Defendant has had copies of witness interview reports and Grand Jury transcripts for well over a year. During the discovery process, new reports have been provided to Defendant as soon as they were generated. Additionally, the parties are working on an agreement to exchange exhibits in advance of trial.

Based upon the foregoing, the Court finds that Defendant has sufficient information regarding the nature of the charges against him. Consequently, Defendant's Motion for Bill of Particulars is **DENIED**.

Pursuant to the discovery agreement, the Government represents that it has provided and will continue to provide expanded file discovery in this case. However, the agreement, "does not include non-discoverable materials which are not in the U.S. Attorney's file but which are in possession of federal, state, or local law enforcement agencies, regardless of whether the prosecutor is aware of such materials." Doc. 44 at 6. The Government further represents that it has provided Defendant with all interview reports and business records that it obtained from either the SEC or the Receiver. Id.

The Government also acknowledges its obligations under Brady, as well as its affirmative duty "to learn of any favorable evidence known to the others acting on the government's behalf in the case." Kyles v. Whitley, 514 U.S. 419, 437 (1995).

Based upon the foregoing, the Court finds that the Government is in compliance with Rule 16 of the Federal Rules of Criminal Procedure and its obligations under Brady. Consequently, Defendant's Motion for Order Directing the Prosecution to Identify and Produce Rule 16 and Brady Material from Receivership and SEC Files," Doc. 41 is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: May 4, 2016

David S. Cayer
United States Magistrate Judge