UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00208-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **PAUL BURKS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Count Four. Count Four of the Indictment. Count Four charges defendant with conspiracy to impede the IRS by, in part, providing affiliates with false Forms 1099 for tax year 2011. Arguing constructive receipt of income and that Zeek affiliates believed they had a right to receive payment of funds appearing as earnings, defendant moves to dismiss Count Four.

Review of Count Four reveals that the United States has alleged each element of the offense. Further, whether or not the government's evidence will prove those elements is a matter for resolution at trial. Finally, defendant's theory of constructive receipt is a defense and not a bar to the government bringing such charge. While of little moment at this point inasmuch as the Grand Jury has found probable cause, the government has forecast evidence which, if proved at trial, could support a finding by a jury that defendant conspired to impede the IRS by providing false FORMS 1099 for tax year 2011. The government's responsive proffer indicates that as part of the scheme to defraud affiliates, defendant and others encouraged affiliates not to draw out "earnings" that they believed they had earned, but which earnings did not in fact exist. The government contends that defendant and others issued 1099s to affiliates in 2011 of approximately

1

$96 million, when in fact the company earnings were only $37 million.  Thus, the government appears to contend that the scheme's use and issuance of the 1099s not only perpetuated the fraud on the affiliates, it also impeded the operations of the IRS.  The government further argues that defendant's constructive receipt theory is defective as not only can defendant not show that the money was "set apart" for each affiliate, as defendant could not set apart funds that were never received.

A motion to dismiss is governed by Rule 12(b)(3)(B), Federal Rules of Criminal Procedure.  That rule provides that the court may dismiss a count where the indictment "fails to invoke the court's jurisdiction or to state an offense." Fed.R.Crim.P. 12(b)(3)(B).  An indictment is defective if it alleges a violation of an unconstitutional statute, or if the "allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004).   Here, the court finds no reason to dismiss Count Four.  The motion will be denied and defendant may renew the motion at the conclusion of the government's evidence.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Count Four (#68) is **DENIED** without prejudice.

Signed: June 20, 2016

Max O. Cogburn Jr.
United States District Judge

2