UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:14-cr-00208-MOC-DSC |
|---|---|---|
| | ) | |
| | ) | **GOVERNMENT'S THIRD MOTION** |
| v. | ) | **IN LIMINE – AUTHENTICITY OF** |
| | ) | **RECORDS PRODUCED BY** |
| PAUL BURKS | ) | **DEFENDANT** |
| _____ | ) | |

COMES NOW the United States of America, by and through Jill Westmoreland Rose, United States Attorney for the Western District of North Carolina, and hereby moves in limine with regard to the authenticity of certain records, pursuant to Rule 901 of the Federal Rules of Evidence:

The parties executed an exhibit exchange agreement, subject to which the Government provided the defense with their draft exhibit list and exhibits four weeks before trial on June 6, 2016; in exchange, the defense agreed to provide "written notice of any objection to the admission of any exhibit, and a detailed statement of any and all bases for any such objection" by June 17, 2016. Further, per the agreement, "Absent such specific written notice by Defendant, the exhibits may be admitted, without objection, at the start of trial." Defendant subsequently notified the Government of its specific objections to the exhibits on the draft exhibit list.

A large number of the emails included on the Government's draft exhibit list were obtained by a subpoena issued to Rex Venture Group with Burks as the custodian of records. The subpoena response was prepared with the assistance of Burks's current counsel, and Burks appeared before the Grand Jury as the custodian of records for Rex Venture Group and authenticated the documents.

Based upon the Defendant's specific objections to each exhibit as part of our agreed upon exhibit exchange, Defendant clearly believes that the documents produced by him, in response to a subpoena, are authentic, pursuant to Federal Rule of Evidence 901. In fact, with regard to many exhibits identified in the government's draft exhibit list that were obtained pursuant to this subpoena (for example, exhibits: 161; 168; 172; 175; 182A; 190; 193; 202; 206; 208; 212; 217; 219; 233; 235; 236; 237; 239; 242; 243; 244; 246; 247; 248; 251; 253; 254; 255; 255A; 256; 257; 260; 261; 262; 263; 264; 267A; 268; 269; 271; 308; 318), the defense interposes no objection pursuant to Rule 901 as to the authenticity of those documents.

However, the Defendant strangely makes a Rule 901 objection to numerous other exhibits that were obtained from the exact same source: the Defendant, as custodian of records for Rex Venture Group. Defendant makes this objection despite the fact that all of these exhibits – just like those to which he interposes no authenticity objection – were authenticated by the Defendant and his current counsel who assisted with the subpoena production.

Therefore, the Defendant's objection as to authenticity, pursuant to Rule 901, is nonsensical as to the following exhibits, if offered by the Government: 155, 156, 157, 158, 159, 160, 162, 164, 165, 166, 167, 169, 170, 171, 173, 174, 176, 177, 178, 179, 180, 181, 182, 183, 183A, 183B, 183C, 183D, 184, 185, 187, 188, 189, 189A, 192, 194, 195, 196, 197, 198, 199, 201, 202A, 202B, 203, 204, 205, 207, 209, 210, 211, 213, 214, 215, 215A, 216, 218, 230, 231, 232, 234, 238, 240, 241, 249, 254, 255, 255A, 256, 259, 267A, and 296.

Certainly, to the extent that these exhibits were also objected to based on Rule 401 (for relevancy) or for another basis, we can address those objections at trial. However, the relevance of each exhibit is clear on the face of each document, so the relevancy basis for those objections also lack merit. In the interest of judicial economy and to save time for all the parties involved, the government will move to admit all of these exhibits at the beginning of the trial.

The government will continue to meet and confer with defendant about his relevancy objections (on both the documents provided by the Defendant and on other evidence) in an effort to resolve these objections without the need to go through the exhibits individually at trial and avoid delay.

Respectfully submitted this the 23rd day of June, 2016 by:

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

s/Jenny G. Sugar
JENNY G. SUGAR
ASSISTANT UNITED STATES ATTORNEY
Member New York Bar
Attorney for the United States
227 West Trade Street, Suite 1650
Charlotte, NC 28202
(704) 344-6222 (office)
(704) 227-0197 (facsimile)
Email: jenny.sugar@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of June 2016, the foregoing document was served electronically through ECF filing upon the defendant through counsel of record

                                    s/Jenny G. Sugar
                                    JENNY G. SUGAR
                                    ASSISTANT UNITED STATES ATTORNEY