UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case 3:14CR208-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | MONEY JUDGMENT |
| | ) | |
| | ) | |
| PAUL BURKS | ) | |

**THIS MATTER** is before the Court on the United States of America's Motion (#121), pursuant to Fed. R. Crim. P. 32.2, requesting that this Court enter a $244,000,000 forfeiture Money Judgment against Defendant. The money judgment figure represents a conservative estimate of the proceeds of the mail and wire fraud conspiracy for which the Jury returned a Verdict of guilty, such figure calculated based on trial exhibits and an outstanding restitution loss calculation by the Special Master in this action. For good cause shown and based on the preponderance of the evidence, this Court will GRANT the Motion. In support of granting the Motion, the Court FINDS AS FOLLOWS:

**BACKGROUND**

On October 24, 2014, following a multi-year investigation, a Grand Jury returned an Indictment (Doc. 1) against Defendant, charging him with conspiracy to commit mail and wire fraud, and substantive mail and wire fraud offenses, all in violation of 18 U.S.C. §§ 371, 1349, 1341, and 1343. The charges stemmed from Defendant's conduct as leader of the massive Rex Venture Group/ZeekRewards Ponzi scheme. As set forth in the Indictment, the Grand Jury found probable cause that the offenses generated proceeds, "including but not limited to the sum of

1

approximately $850 million in proceeds." Indictment at Doc. 1, Page 11, ¶ 52.

Following a lengthy trial of this matter, a Jury returned a Verdict (Doc. 108) of guilt on all charges. At trial, the Government introduced voluminous evidence on the offenses and proceeds of the conspiracy and scheme, including but not limited to the following evidence:

- Government's Exhibit 4H, which identifies "Total Money In" to the conspiracy of $932,215,379.19 and "Total Money Out" of $588,955,432.61, for a "Net Money Gain" of $426,260,121.22.

- Government's Exhibit 84A, which identifies that Paul Burks personally profited by at least $10,102,400 as a result of the conspiracy.

Following the Verdict, the Special Master, who is also the Receiver in a related action initiated by the Securities and Exchange Commission, filed an Amended Report (Doc. 117) in this case wherein he recommends restitution in the amount of $244,000,000.

Thus, the Grand Jury finding of probable cause, the trial evidence, and the sentencing materials all support issuance of the requested Money Judgment in this case.

**LAW AUTHORIZING FORFEITURE**

Assets constituting or derived from conspiracy, mail, and wire fraud proceeds are subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(C). 18 U.S.C. § 981(a)(1)(C) (rendering proceeds of specified unlawful activity subject to forfeiture); 18 U.S.C. § 1956(c)(7)(A) (defining specified unlawful activity to include racketeering activity); 18 U.S.C. § 1961(1) (defining racketeering activity to include offenses in violation of Sections 1341 and 1343, and conspiracy to commit same). Further, 28 U.S.C. § 2461(c) renders the civil forfeiture provisions of Section 981(a)(1)(C) applicable in this criminal forfeiture action. Finally, a money judgment for the

proceeds of conspiracy and fraud is authorized under Fed. R. Crim. P. 32.2(b)(1)(A).

The Government's burden of proof on forfeiture is preponderance of the evidence. *United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003); *United States v. Tanner*, 61 F.3d 231, 233 (4th Cir. 1995). The Court's "determination may be based on evidence already in the record, including [ . . . ] any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2013) (court may rely on trial record to determine forfeiture). The Government may satisfy the preponderance burden by both direct and circumstantial evidence. *United States v. St. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007).

"If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A); *see also United States v. Butler*, 578 Fed. Appx. 178, 182 (4th Cir. 2014) (district court must find nexus between forfeiture calculation and crime). Proceeds include, not only the proceeds generated by the conduct of the defendant at-issue, but also any proceeds generated due to the reasonably foreseeable conduct of co-conspirators. *United States v. Blackman*, 746 F.3d 137, 144 (4th Cir. 2014) (discussing proceeds calculation in conspiracy cases and also noting that forfeiture is mandatory); *United States v. Jalaram*, 599 F.3d 347, 351 (4th Cir. 2010) (discussing proceeds calculation in conspiracy cases); *United States v. McHan*, 101 F.3d 1027, 1043 (4th Cir. 1996) (discussing vicarious liability).[1]

---

[1] A conspirator's liability in forfeiture for proceeds received by other conspirators has been established for some time at the circuit level in many circuits, including the Fourth Circuit. Due to a new split in circuits that was created by the D.C. Circuit, the Supreme Court recently granted certiorari to decide the issue of liability in a case arising out of the Sixth Circuit. *Honeycutt v. United States*, No. 16-142 (S. Ct. Dec. 9, 2016), granting *cert.* in *United States v. Honeycutt*, 816 F.3d 362 (6th Cir. 2016).

In this case, the Government only seeks a $244,000,000 Money Judgment, which is consistent with the amount of restitution sought by the Special Master. And, although the $244,000,000 figure is more than the Government can trace directly to Defendant personally, it is also substantially less than the actual "Net Money Gain" figure of $426,260,121.22 for which Defendant could be held liable under the law in this conspiracy case.[2] Indeed, the trial testimony and exhibits, as well as sentencing materials, addressed hundreds of millions of dollars of gross proceeds obtained during the course of the conspiracy. That trial evidence, paired with the Grand Jury finding of probable cause for a forfeiture money judgment and the sentencing materials on the record, supports issuance of the requested Money Judgment.

**ORDER IMPOSING MONEY JUDGMENT**

**IT IS, THEREFORE, ORDERED** that the Motion for Money Judgment (#121) is GRANTED, and the following is subject to forfeiture: a Money Judgment in the amount of $244,000,000.00 payable by defendant Paul Burks to the United States of America. Further, the United States is authorized to conduct discovery, as necessary and authorized by Fed. R. Crim. P. 32.2, to locate assets to satisfy the money judgment.

Signed: February 16, 2017



Max O. Cogburn Jr
United States District Judge

---

[2] The Government advises that, here, recognizing the low likelihood that Defendant will ever be able to pay a money judgment in this case, the Government does not even seek net proceeds, and instead only seeks a Money Judgment that matches the even lower restitution loss figure set forth by the Special Master. The Government advises that, if necessary, the United States may use the requested Money Judgment to collect overseas fraud proceeds that the Special Master has not yet been able to repatriate.