UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00208-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PAUL BURKS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion for Release Pending Appeal (#128). The defendant has also filed a Motion to Extend Reporting date (#133). The government has responded in opposition to the Motion Seeking Release Pending Appeal. See (#129). The Court has expedited consideration of the latter motion as defendant's report date is imminent and the Court is otherwise unable to hear the motion due to an ongoing trial.

Having reviewed the motions, the Court enters the following Order denying the request for release pending appeal, but staying the report date to a date not sooner than May 1, 2017, so that defendant can make arrangements for the care of his physically disabled spouse.

## FINDINGS AND CONCLUSIONS

**I.    Motion for Release Pending Appeal**

To qualify for release while a criminal case is on appeal, it is defendant's burden to show:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of [18 U.S.C.]; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-

1

(i) reversal,
(ii) an order for a new trial,
(iii) a sentence that does not include a term of imprisonment, or
(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of [18 U.S.C.], except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1)(A) and (B). The Court has closely reviewed not only the arguments within defendant's motion, but also the issues raised in the case before the appellate court, which include:

1. Whether the trial court erred in failing to dismiss Count Four;
2. Whether the trial court erred in permitting the jury to hear certain evidence related to Count Four;
3. Whether the trial court erred in limiting defendant's presentation of evidence related to good faith reliance;
4. Whether the trial court erred in disallowing a defense expert from testifying about the attributes of a "Ponzi scheme;" and
5. Whether the trial court erred in disallowing the cross-examination of certain witnesses and particular evidence.

(#128) at 2. Clearly, defendant has not interposed the appeal for purpose of delaying service of sentence; however, the court is unable to find that any of the issues raised with the appellate circuit are *likely* to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B). The Court has reviewed the Section 3143(b)(1)(B) factors, which do not support release.

Having considered defendant's Motion and the government's Response, the motion will, be denied.

**II.     Motion to Extend Reporting Date**

As to the motion to further extend reporting date, it appears from the motion that defendant reasonably believed that he would be housed at FMC Butner, which is near Durham where, according to the PSR, members of defendant's immediate family reside. Further, the Court finds that it was reasonable for defendant to make plans based on that potential assignment inasmuch as the Court had recommended that placement. According to the motion, designation to FMC Lexington (which is a medical facility on par with Butner and has an adjacent minimum security camp) has complicated previously made plans for the care of defendant's disabled wife. Finding that such unexpected designation to Lexington, Kentucky, will require additional time to make new arrangements, the Court will stay the report date to not sooner than May 1, 2017.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Release Pending Appeal (#128) is **DENIED**, and the Motion to Extend Reporting Date (#133) is **GRANTED**. Defendant shall be prepared to report to FCI Lexington on May 1, 2017, if so instructed by the Bureau of Prisons.

The Clerk of Court is instructed to provide the United States Marshal with a copy of this Order. The Bureau of Prisons is requested to hold open the bed/placement at FMC Lexington for this defendant in the interim to avoid further delay in reporting.

Signed: March 23, 2017



Max O. Cogburn Jr
United States District Judge

3