UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14cr208-MOC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER FOR SUPPLEMENTAL** |
| | ) | **BRIEFING** |
| | ) | |
| PAUL BURKS, | ) | |
| Defendant. | ) | |

This matter is before the Court on a remand from the Fourth Circuit Court of Appeals, instructing this Court to reconsider Defendant's motion for compassionate release, in light of the Fourth Circuit's ruling in <u>United States v. McKoy</u>, 981 F.3d 271 (4th Cir. 2020). For the following reasons, the Court will allow the parties to file supplemental memoranda before the Court issues its ruling.

On May 12, 2020, Defendant Paul Burks filed an emergency motion for compassionate release though counsel, seeking release from prison based on the COVID-19 pandemic. After granting Defendant's own motion to stay the emergency motion, this Court ordered the Government to respond to the motion on July 22, 2020. On July 31, 2020, the Government filed a response brief, opposing the motion. In opposing the motion, the Government argued:

> the Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.

(Doc. No. 171 at 5). The Government cited to an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons" warranting sentencing reductions. The Government further asserted:

1

> The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf. 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

(Id. at 5 n.3).

Consistent with the Government's assertion and the practice of other courts at the time, and in the absence of controlling law to the contrary, this Court considered the policy statement in Sentencing Guidelines § 1B1.13 in determining whether to grant Defendant's motion. The Court denied Defendant's motion, finding that he had not shown "extraordinary and compelling reasons" warranting his release. This Court specifically found that

> Defendant is 73 years old and suffers from numerous medical conditions, including heart disease, diabetes, and hypertension. However, Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted COVID-19, has successfully undergone treatment in the BOP, and has recovered. Furthermore, Defendant has not shown that FMC Lexington is unequipped to provide appropriate medical care or that he faces guaranteed superior care outside of custody.
>
> . . . .
>
> At Defendant's sentencing, this Court addressed the seriousness of the offense and the need for deterrence at sentencing and weighed those against Defendant's health conditions. The Court determined that, notwithstanding the financial burden on taxpayers for treating Defendant's health conditions, the sentence imposed was appropriate, given that Defendant's conduct was extremely serious and hurt many victims. As noted, Defendant has served only roughly 22 percent of his sentence. Justice would not be served by releasing Defendant at this time. In light of Defendant's record and the totality of relevant circumstances, this Court will, therefore, alternatively deny the motion for a sentence reduction under the Section 3553(a) factors.

(Doc. No. 179 at 6-7).

On September 4, 2020, Defendant filed a Notice of Appeal. On December 2, 2020, the Fourth Circuit Court of Appeals issued its published opinion in United States v. McKoy, in which the court held that Sentencing Guidelines § 1B1.13 does not constrain a district court's discretion to grant compassionate release because it is not an "applicable policy statement" for purposes of section 3582(c)(1)(A). 981 F.3d at 281–83. In other words, the Court found that Section 1B1.13 only applies to motions filed by the BOP; thus, courts are not constrained by the policy statement when determining what qualifies as an "extraordinary and compelling reason" warranting a sentence reduction. The Fourth Circuit clarified, however, that Guideline § 1B1.13 is not "without practical import. The existing policy statement continues to govern BOP-filed motions for compassionate release. And as the district courts held here, it remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

On February 3, 2021, the Government moved for remand of the case, arguing that because "the district court's order suggests that the district court believed it could only grant relief if Burks satisfied the criteria described in section 1B1.13, the United States believes that the district court should have the opportunity to reconsider Burks's motion in light of McCoy." (Fourth Cir., No. 20-7357, Doc. No. 33).

In light of the remand, and given that Defendant's circumstances may have changed since the Court denied his motion for compassionate release in August 2020, the Court will grant the parties the opportunity to file additional memoranda relating to Defendant's motion for compassionate release. Defendant shall have 20 days from entry of this Order to file a supplemental brief, and the Government shall then have 10 days to file its response.

**IT IS SO ORDERED.**

February 23, 2021

Max O. Cogburn Jr.
United States District Judge